**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

LAKHRAJ MANOHAR and                                                                              PLAINTIFFS
VADAC MANOHAR

v.                                        No. 3:16CV00044 JLH

ARKANSAS DEPARTMENT OF
HUMAN SERVICES; LACEY GRAMBLING;
VAL PRICE; ALYSSA LOTT;
JAMES RUSSEL BARR; and ASHLEY MIDDLETON                               DEFENDANTS

**OPINION AND ORDER**

Lakhraj Manohar[1] has filed a *pro se* complaint against the Arkansas Department of Human Services, Lacey Grambling, Val Price, Alyssa Lott, James Russel Barr, and Ashley Middleton. Manohar alleges that records of the Arkansas Department of Human Services are inaccurate and falsified. He seeks to have the records reviewed and corrected and to have his child returned to him. He also has filed a motion for leave to proceed *in forma pauperis*. That motion is GRANTED. Document #3.

Because Manohar is proceeding *in forma pauperis*, the Court must determine if the complaint is frivolous, malicious, fails to state a claim, or seeks monetary relief from a party immune to suit. 28 U.S.C. § 1915(e)(2)(B). Any of these grounds provide a sufficient basis for a court to dismiss the complaint before service of process and without leave to amend. *Christiansen v. Clarke*, 147 F.3d 655, 658 (8th Cir. 1998), *cert denied*, 525 U.S. 1023 (1998); *Higgins v. Carpenter*, 258 F.3d 797, 800 (8th Cir. 2001).

Manohar's complaint in this action arises out of a decision of the Arkansas Department of Human Services. He contends that DHS's records are false and inaccurate and that the Manohars'

---

[1] The complaint also lists Vadac Manohar as a plaintiff, but Vadac Manohar did not sign the complaint. Local Rule 5.5(c)(2) requires every *pro se* party to sign his or her pleadings.

child should be returned to them because they have completed the counseling and psychological evaluations.

This Court does not have jurisdiction to hear Manohar's claims. First, this action does not involve a federal question under the laws or Constitution of the United States. 28 U.S.C. § 1331. Diversity jurisdiction does not exist under 28 U.S.C. § 1332. Second, both of the Manohars are citizens of Arkansas, and all of the defendants apparently are citizens of Arkansas or an agency of the State of Arkansas. Therefore, diversity of citizenship does not exist between all the parties. In addition, federal courts do not have authority to hear cases that seek the granting or modification of a divorce, alimony, or child custody decree. *Ankenbrandt v. Richards*, 504 U.S. 689, 703, 112 S. Ct. 2206, 2215, 119 L. Ed. 2d 468 (1992); *Chevalier v. Estate of Barnhart*, 803 F.3d 789, 794 (6th Cir. 2015). Manohar seeks an order requiring DHS to review and correct falsification in its records and for a child to be returned to the parents. This is a matter of child custody and not within this Court's jurisdiction.

## CONCLUSION

For the reasons stated above, Lakhraj Manohar's claims are dismissed without prejudice.

IT IS SO ORDERED this 25th day of February, 2016.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE